## STATE OF WEST VIRGINIA

### SUPREME COURT OF APPEALS

**FILED**

October 24, 2013

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**S & D Management Services, Inc.,**
**Employer Below, Petitioner**

**vs.)   No. 11-1413**  (BOR Appeal No. 2045633)
                        (Claim No. 2010131951)

**Clifford E. Marenko,**
**Claimant Below, Respondent**


## MEMORANDUM DECISION

Petitioner S & D Management Services, Inc., by Patricia Jennings, its attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review.

This appeal arises from the Board of Review's Final Order dated September 16, 2011, in which the Board reversed a January 27, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's July 16, 2010, decision, in which it denied Clifford E. Marenko's claim, alleging that he was not an employee of S & D Management Services for the purposes of workers' compensation but was an independent contractor. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

On April 19, 2010, Mr. Marenko, filed an application for workers' compensation benefits for exposure to the hazards of occupational pneumoconiosis while working as an electrician and a mining foreman on mines owned and operated by S & D Management Services, Inc. The claims administrator for S & D Management Services rejected the claim on July 16, 2010, stating the Mr. Marenko was not an employee of S & D Management Services for the purpose of workers' compensation but was an independent contractor. On January 27, 2011, the Office of Judges affirmed the claims administrator's decision, concluding that Mr. Marenko had failed to

1

prove that he was an employee of S & D Management Services. But on September 16, 2011, the Board of Review reversed the Order of the Office of Judges and remanded the case to the claims administrator for further processing, leading to this appeal.

The Office of Judges concluded that Mr. Marenko was not an employee of S & D Management Services for the purposes of workers' compensation and that there was insufficient evidence to reverse the claims administrator's rejection of his claim. The Office of Judges considered Mr. Marenko's testimony that his work was directed and supervised by S & D Management Services and that, even though his check was made out to Perestroika, Inc., a corporate entity, he was an employee. The Office of Judges also considered Mr. Marenko's testimony that he received employee benefits from S & D Management Services such as health insurance, vacation days, and holiday bonuses. S & D Management did not rebut Mr. Marenko's testimony, but the Office of Judges was persuaded by a correspondence from a secretary for S & D Management Services who stated that she understood Mr. Marenko to be an independent contractor. The Office of Judges further considered the S & D Management Services' 2009 Miscellaneous Income Form 1099, in which payments to Mr. Marenko were declared as payments to an independent contractor, Perestroika, Inc., as evidence that Mr. Marenko was an independent contractor and not an employee.

The Board of Review reversed the Order of the Office of Judges. The Board of Review found that Mr. Marenko was an employee of S & D Management Services because S & D Management Services had not met its burden under West Virginia Code of State Rules § 85-8-6 (2008) of showing that Mr. Marenko was an independent contractor. The Board of Review found that Mr. Marenko's testimony was sufficient to show that he was an employee and that testimony was not rebutted by S & D Management Services.

We agree with the reasoning and conclusions of the Board of Review. In this case, S & D Management Services bears the burden of proving that Mr. Marenko was an independent contractor and not an employee. West Virginia Code of State Rules § 85-8-6. It has not met this burden. West Virginia Code of State Rules § 85-8-6.2 (2008) sets out specific criteria for establishing that an individual is an independent contractor and S & D Management Services has not established any of those criteria.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   October 24, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II